FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 JAN -4 AM 10: 00

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES EVANS,

      Plaintiff,

v.                                                         Civil Action No. CV-00-J-1712-S

BE&K TELECOMMUNICATIONS,
d/b/a NORTHSTAR TELECOM SOLUTIONS,
INC.,

      Defendant.

ENTERED

JAN 4 2001

## MEMORANDUM OPINION

This cause comes before this court on defendants' motion for summary judgment (doc. 8). The central issue for this court is whether the Department of Labor regulation 29 C.F.R. §825.110(d) can extend Family and Medical Leave Act (FMLA) protection to the plaintiff who would not otherwise be protected. The court finds that 29 C.F.R. §825.110(d) is invalid as it creates FMLA protection beyond the actual FMLA as codified at 29 U.S.C. §2612 (a)(1), therefore defendants motion for summary judgment is due to be granted.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

15

U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see*

also *Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

## Background

The plaintiff was hired by BE&K Telecommunications (BE&K) on August 4, 1997 as a Design Engineer. (Defendant's Exh. A; B, p. 30). In early May 1998, the plaintiff informed BE&K that he was suffering from high blood pressure and sleep apnea and that his doctor had prescribed time off from work. (Defendant's Exh. B). Plaintiff's manager, Gary Curl, informed the plaintiff that he could not take any leave. (Defendant's Exh. B, p. 40-41). Plaintiff then applied for FMLA time from the Human Resources Department of BE&K. (Defendant's Exh. B, p. 41, 43). Columbus Watson, one of BE&K's Human Resources Department employees, informed plaintiff he was eligible for FMLA time and authorized the absence. (Watson deposition p. 14). Watson testified that he was aware Curl had told plaintiff the opposite. *Id.*, at 14-15 Watson then told Curl the plaintiff was eligible for FMLA time. *Id.*

Plaintiff's began his leave on May 11, 1998. (Defendant's Exh. A). On July 31, 1998, plaintiff called Gary Curl and stated he intended to return to work on August 4, 1998. (Defendant's Exh. B). Curl informed the plaintiff he had been laid off due to budgetary cutbacks and poor work performance. (Defendant's Exh. B, p. 49, 213, 214). When Columbus Watson learned of plaintiff's termination he informed Gary Curl that he would have to reverse plaintiff's termination because the plaintiff was out on FMLA. Plaintiff returned to work on August 5, 1998. (Watson deposition p. 19). On September 10, 1998 plaintiff was terminated based on his work performance. (Defendant's Exh. B).

## Legal Analysis

The FMLA entitles eligible employees to take up to 12 weeks of leave during any

12-month period for medical reasons, for the birth or adoption of a child, and for the care of a spouse, child, or parent who has a serious health condition. 29 U.S.C. §2601(b)(2); 29 U.S.C. 2612 (a)(1). Under 29 U.S.C. §2611(2)(A)(i) an "eligible employee" is one who has been employed "for at least 12 months by the employer with respect to whom leave is requested . . .". There is no question that plaintiff had not been employed by BE&K for 12 months when he requested FMLA leave and when he began his leave.

Plaintiff argues that, regardless of the FMLA eligibility requirement, he was an "eligible employee" due to Labor Department regulation 29 C.F.R. §825.110(d). Under 29 C.F.R. §825.110(d) if an

> "employee notifies the employer of need for FMLA leave before the employee meets . . . eligibility criteria, the employer must either confirm the employee's eligibility based upon a projection that the employee will be eligible on the date leave would commence or must advise the employee when the eligibility requirement is met. . . . If the employer fails to advise the employee whether the employee is eligible prior to the date the requested leave is to commence, the employee will be deemed eligible. The employer may not, then, deny the leave."

Plaintiff is correct that the underlying facts would render him eligible under this regulation. However this regulatory expansion of FMLA protection and eligibility is invalid. *See Brungart v. BellSouth Telecommunications, Inc.,* 231 F.3d 791 (11th Cir. 2000). *See, e.g., Dormeyer v. Comerica Bank-Illinois,* 223 F.3d 579, 582 (7th Cir. 2000); *Brown v. DaimlerChrysler Corporation,* 1999 WL 766021 (N.D. Tex); *McQuain v. Ebner Furnaces, Inc.,* 55 F.Supp.2d 763 (N.D.Ohio 1999); *Seaman v. Downtown Partnership of Baltimore, Inc.,* 991 F.Supp. 751 (D.Md.1998); *Wolke v. Dreadnought Marine, Inc.,* 954 F.Supp. 1133 (E.D.Va. 1997).

The Eleventh Circuit in *Brungart,* ruled that "29 C.F.R. §825.110(d) is invalid

insofar as it purports to extend the eligibility provisions of the FMLA to an otherwise ineligible employee who is not promptly notified after requesting leave that she is ineligible for it under the statute." 231 F.3d at 797. The reasoning for this invalidation was because the statute did not provide for any waiver of the eligibility requirement and to allow the Department of Labor to create different eligibility standards would violate "the rule of law in general, and separation of powers principles in particular . . ." *Id.* The *Brungart* court noted the positive reasons behind the questioned regulation and the soundness of the Labor Department's policy goal, however the court explained that "when an administrative agency seeks to improve legislation by altering the basic coverage provisions that Congress had written into law it has gone too far." *Id.*

The present case is grounded in facts slightly different from those presented in *Brungart*. In *Brungart*, the plaintiff asked for leave and was not advised that she was not eligible for FMLA leave until more than a month after defendant received her application. *Id., at* 796. Mr. Evans, the present plaintiff, was actually told that he was approved for FMLA time. The *Brungart* court did not indicate if such facts would affect its invalidation holding. "We decline to speculate about what the result might be if there had been facts to support a detrimental reliance." 231 F.3d at 797 n.4.[1]

Reason dictates that if the Department of Labor went "too far" by altering eligibility requirements based on notice periods, it did not stop short of that boundary

---

[1] By avoiding this speculation, the *Brungart* court made clear that while it relied on the invalidation reasoning found in *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 582 (7th Cir. 2000), it did not rely or intend to imply that it accepted dicta from that decision as it related to possible estoppel or reasonable reliance. 231 F.3d at 797 n.4.

when it altered eligibility requirements based on affirmative employer statements. The Department of Labor simply can not alter "the basic coverage provisions that Congress had written into law". *See Brungart*, 231 F.3d at 797. This principle applies regardless of what type of employer behavior acts as the catalyst for the alteration. Simply put, the separation of powers boundary does not shift or expand based on the employer's level of negligence or egregiousness, or the policy or motive for discouraging such behavior.[2] It is important to note that this decision is limited solely to the legitimacy of regulation 29 C.F.R. §825.110(d) and the court is not suggesting or implying what possible state law claims could be made as a result of an employer granting FMLA time which does not exist.

This plaintiff is not an "eligible employee" under the FMLA. He was not rendered "eligible" under 29 C.F.R. §825.110(d) as that regulation is an impermissible intrusion into legislative territory. Therefore this court has no other choice than to **GRANT** defendant's motion for summary judgment (doc. 8). This case is hereby **DISMISSED** with prejudice, each party to bear own costs.

**DONE** and **ORDERED** this __3__ day of January 2001.

                                    _____
                                    INGE P. JOHNSON
                                    UNITED STATES DISTRICT JUDGE

---

[2] One other district court has ruled this portion of 29 C.F.R. §825.110(d) invalid as well. *Seaman v. Downtown Partnership of Baltimore, Inc.*, 991 F.Supp. 751 (D.Md.1998). The *Seaman* decision was cited by the Eleventh Circuit in *Brungart*. 231 F.3d at 796 n.3.